827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe L. and Lula WILLIAMS, Plaintiffs-Appellants,
v.
HILL-ACME COMPANY and Kroy Manufacturing Company,
Defendants-Appellees.
 No. 86-1249.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1987.
 
 Before CORNELIA G. KENNEDY and DAVID A. NELSON, Circuit Judges, and HERMAN JACOB WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Joe L. and Lula Williams ("plaintiffs") appeal the order of the District Court granting summary judgment in favor of defendants-appellees Hill-Acme Company ("Hill-Acme") and Kroy Manufacturing Company ("Kroy"). The District Court for the Eastern District of Michigan found that there was no issue of material fact regarding plaintiffs' product liability claims. Plaintiffs claim on appeal that the District Court erred in granting summary judgment on the ground of no material dispute prior to the conclusion of discovery and that the evidence did present a genuine question of material fact. We affirm the District Court's order granting summary judgment in favor of defendant Hill-Acme. We reverse the order in favor of defendant Kroy and remand for further proceedings consistent with this opinion.
 
 
 2
 Plaintiff Joe Williams was injured while operating a shear machine at the Bethlehem Steel plant in Redford, Michigan. Defendant Hill-Acme manufactured the cutting edge of the shear, which came with a hand guard enclosing the shear and the anvil table. Defendant Kroy manufactured the control panel circuitry for the shear machine. On May 4, 1981, plaintiff was operating the shear machine and cutting steel rods. As part of the process, he was required to clear the anvil of steel scraps. Plaintiff used a foot pedal to stop the power to the shear. The foot switch served two functions. By depressing the pedal, plaintiff interrupted the electrical circuit to the shear machine and prevented its operation, and raised a safety gate that barred access to the shear blade and the anvil table. While plaintiff was clearing the table of scraps, the circuit apparently short circuited, causing the shear to begin to cycle. The short circuit was the result of mill scale in the foot switch which was able to enter because of a dent in the housing. The short circuit also caused the safety gate to descend, preventing plaintiff from withdrawing his hand. Either the gate or the shear or both caused injury to plaintiff's right hand.
 
 
 3
 Plaintiffs sued several of the component manufacturers in a suit filed on May 1, 1984. The actions were removed from Wayne County Circuit Court to federal court on petition of the defendants and were later consolidated.[1] A discovery cut-off date of January 10, 1986, was assigned and then extended to March 24. On February 13, a hearing was conducted on defendants' motions for summary judgment. Plaintiffs' attorney failed to appear and the District Court ruled from the bench on the basis of the motions and response. The District Court entered an order granting summary judgment on February 21, 1986. Plaintiffs appeal this decision.
 
 
 4
 Plaintiffs first claim that the District Court erred in granting summary judgment prior to the conclusion of discovery. We reject this claim because plaintiffs never alleged the need for additional discovery relating to defendants' liability to which they were entitled. In their response to defendants' motion for summary judgment, plaintiffs indicated that they still needed to depose defendant Hill-Acme's expert. There was no assertion made then that the expert had any knowledge as to defendant Kroy's activities with respect to work it had done on the shear. The District Court correctly found questioning of this witness to be irrelevant to the issues raised in the motion for summary judgment. Plaintiffs did not indicate that they needed additional time at the hearing on the motion for summary judgment because their attorney failed to appear. In addition, plaintiffs failed to file a response to the District Court's order to show cause why the case should not be dismissed. A motion for summary judgment under Fed.R.Civ.P. 56 may be made by a party against whom a claim is asserted at any time. There is no requirement that discovery be completed. Thus, the District Court did not err in granting summary judgment prior to the conclusion of discovery where there was no claim by plaintiffs that they needed the proposed additional discovery for resolution of the summary judgment.
 
 
 5
 Plaintiffs next claim that the District Court should not have granted the motions for summary judgment because there was a question of material fact. We disagree with plaintiffs regarding their claim against Hill-Acme. Defendant Hill-Acme manufactured only the cutting edge of the shear and was in no way involved with the circuitry in the panel control. The evidence clearly showed that the shear blade had been incorporated into the machine by another party. Plaintiffs did not allege that the blade itself was defective. Instead they argued that defendant failed to properly warn and instruct regarding installation of safety features. The District Court stated that:
 
 
 6
 While it is true that a manufacturer is liable in negligence for failure to warn the purchasers of users of its products about the dangers associated with the use or foreseeable misuse, "[t]his policy has not been applied in situations involving known or obvious product-connected dangers where the product itself is not defective and dangerous."
 
 
 7
 Joint Appendix at 85 (quoting Antcliff v. State Employees Credit Union, 414 Mich. 624, 639, 327 N.W.2d 814, 820 (1982)). The court thus correctly concluded that "a manufacturer is not under a duty to protect against a general possibility of danger inherent in a product when the danger is obvious to all who use the product as it was intended to be used," and that "that is precisely what was involved in this case." Joint Appendix at 86. We find that there is no question of material fact presented and we affirm the District Court decision granting summary judgment in favor of defendant Hill-Acme.
 
 
 8
 Regarding defendant Kroy, however, we find that there is a genuine issue of material fact. In ruling on a motion for summary judgment under Rule 56, the trial court must consider the record in the light most favorable to the party opposing the motion. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Furthermore, where different ultimate inferences may properly be drawn the case is not one for summary judgment. Id. Resolving all ambiguities in favor of plaintiffs, we find that "inferences contrary to those drawn by the trial court might be permissible," Diebold, 369 U.S. at 655, and hold that the District Court erred in granting summary judgment in favor of Kroy.
 
 
 9
 Plaintiff's expert, Mr. John Carey, testified that the two circuits in the foot pedal should have been isolated, that the design of the foot switch was defective, and that the foot switch should not have been used to interlock the shear. Joint Appendix at 90-92. He also testified that defendant should have designed a hand tool for removing scrap, placed a warning on the machine, and instructed that the housing of the foot switch should be replaced if it was damaged. Id. at 93-94. Kroy presented no evidence to refute the allegations of defective design and wiring. It claimed instead that it designed a control panel including the "kill switch" or foot pedal with only a single circuit to control the kill system and that it did not do any of the later wiring or any subsequent modifications. Mr. Schenck, an officer of Kroy, stated in an affidavit that Kroy designed the foot pedal with one circuit and did not do any subsequent wiring. Joint Appendix at 26. In order to activate any functioning or moving part of the shear, a modification or additional wiring would be necessary. Mr. Hoover, an employee of Bethlehem Steel, stated in his deposition that Bethlehem Steel had installed the safety guard switch after the control panel circuitry was installed. Joint Appendix at 123-24. The District Court found that there were no statements presented by plaintiffs "which constitute[d] an issue of fact in contradiction of Kroy's evidence that they did not provide or know about the rewiring." Joint Appendix at 81.
 
 
 10
 Plaintiffs did present testimony in the form of a deposition that indicated that Kroy may have rewired the circuitry, made repairs to it, or at least known of the rewiring. Mr. Raymond McDonald, an employee at Bethlehem Steel, testified regarding the installation and later service of the shear machine. He first stated that the machine had been sent out to Kroy in the last four to five years to be overhauled. Joint Appendix at 148. Because this was after its installation in 1976, this testimony contradicts Mr. Schenck's affidavit. He stated further that "[t]hey used to put [the machines] on the truck and he would overhaul them." Id. In the same discussion, Mr. McDonald was asked whether the control panel had ever been changed. He replied that it had been changed at least three times, that "they sent the machine down on the truck," and that "[i]t would come back with a new panel." Id. at 152. When asked who had selected the foot switch that plaintiff had used, Mr. McDonald answered that he didn't know. He noted, however, that "when the machines come back, there was an awful lot of used stuff on them.... it would have been anything Kroy had, he used to put on there." Id. at 155. Later, when questioned by Kroy's attorney, Mr. McDonald again mentioned that the machine was sent back to Kroy to be overhauled or repaired. See id. at 158, 161. Finally, he replied affirmatively when asked whether it was Kroy that repaired the machine and sent it back.[2] Id. at 166.
 
 
 11
 The District Court, in addressing the deposition of Mr. McDonald, stated that his "position is really not clear from all the pleadings that the Court has examined" and that "his testimony is quite confusing and difficult to follow." Joint Appendix at 79. The Court noted that the witness said that "they" put the machine on the truck and that it would come back overhauled. It discounted this testimony, however, by finding that Mr. McDonald did not actually "say that Kroy is the one who made the changes, nor does he say that Kroy [made] any changes in the foot pedal after or around the time that the safety gates were installed." Id. On a motion for summary judgment the trial court must resolve all ambiguities in favor of the party opposing the motion. Taken in context, Mr. McDonald's references to "they" can be taken to mean defendant Kroy. One could reasonably infer, therefore, contrary to the District Court's conclusion, that Kroy did take the machine in its truck and repair and/or rewire it and that Kroy at least knew of the manner in which the control system had been modified. Although Mr. McDonald testified that he and other Bethlehem employees actually attached the control panel back to the shear, he also testified that the various wires were numbered both on the shear and on the panel and that they merely connected the identically numbered wires. The foot pedals would be connected to the panel when it was returned and, according to Mr. McDonald, the safety gate had been on the machine for ten or twelve years. Thus, they were there when Kroy serviced the machine. Mr. McDonald additionally stated that no one came in and changed the control panel at Bethlehem as opposed to sending it out. Id. at 152-53. Finally, he testified that his employer often received letters from Kroy. These letters contained revisions sent down by Kroy. Id. at 166-67. Where different inferences could be drawn from the evidence, dismissal of the case under Rule 56 is improper. We therefore reverse the District Court's decision granting summary judgment in favor of defendant Kroy and remand the case for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Herman J. Weber, District Judge, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The claims against defendants Hoffman Engineering Company and Allen Bradley were dismissed and these defendants are not parties to this appeal
 
 
 [2]
 This Court knows considerably more about Mr. McDonald's testimony than the trial court did. We have been favored with a joint appendix that includes, in apparent violation of our local Rule 11, portions of the McDonald deposition that were not part of the record before the trial court. Joint Appendix at 146-55, 164-70
 Kroy's summary judgment motion was accompanied by an affidavit showing that Kroy "neither serviced nor modified the subject controls ... since the sale of said panel in 1975 to the date of plaintiff's injury, May 1, 1981." Plaintiffs attempted to refute that showing by filing a brief to which they attached, as Exhibit "B", pages 34 through 42 of the deposition of Mr. Raymond McDonald, a Bethlehem Steel employee. Joint Appendix at 62-70. The complete deposition transcript was never filed with the trial court, and as the trial court observed at the hearing on the summary judgment motion--a hearing that plaintiffs' counsel did not attend. Mr. McDonald did not specifically state, in the part of the deposition attached to the brief, that the control panel was sent back to Kroy for overhaul or repair prior to the accident.
 Most of the testimony referred to by this Court in showing that Mr. McDonald's testimony contradicted defendant Kroy's affidavit does not seem to have been before the trial court. If the trial court had been given as much of the McDonald deposition as we were given, we doubt that the summary judgment motion would have been granted in the first place. However, we are persuaded that the record before the trial court, including pages 34 to 42 of the McDonald deposition and the testimony of plaintiffs' expert, Mr. Carey, demonstrated the existence of material issues of fact without regard to the non-record materials improperly included in the joint appendix at pages 146-55 and 164-70. Counsel are not free to place before us, as part of the appendix filed pursuant to Rule 30, Fed.R.App.P., and our local Rule 11, materials that ought to have been presented to the district court but weren't--and it would be risky for counsel to assume we will routinely take such materials into account.